# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT
### GALVESTON DIVISION

| | |
|---|---|
| **ROBERT RODRIGUEZ TREVIÑO** | § |
|     **Petitioner** | § |
| **v.** | § |
| | § |
| **BRYAN COLLIER, EXECUTIVE** | § |
| **DIRECTOR, TEXAS DEPARTMENT** | § |
| **OF CRIMINAL JUSTICE; DAVID** | § |
| **GUTIÉRREZ, PRESIDING OFFICER,** | § |
| **TEXAS BOARD OF PARDONS AND** | § |
| **PAROLES; THE UNIVERSITY OF** | § |
| **TEXAS MEDICAL BRANCH IN** | § |
| **GALVESTON, TEXAS** | § |
|     **Respondents** | § |


**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**FOR ROBERT RODRIGUEZ TREVIÑO, TDCJ #729766**

**John E. Richards**
**State Bar No. 16848900**
**RICHARDS AND VALDEZ**
**6060 N. Central Expressway**
**Ste.500**
**214-455-4690 (direct dial)**
**866-823-2719 (facsimile)**
**John.Richards@richardsvaldez.com**
**ATTORNEYS FOR PETITIONER**
**Robert Rodriguez Treviño**

## TABLE OF CONTENTS TO PETITION FOR WRIT OF HABEAS CORPUS
## FOR ROBERT RODRIGUEZ TREVIÑO, TDCJ #729766

**Paragraph No.**

I. Parties, Jurisdiction and Venue ..................................................... ¶¶ 1-4

II. Cause of Action Asserted Under ................................................. ¶¶ 6-13
TEX. GOV. CODE §508.146

III. Personal Information on Petitioner ................................................ ¶¶ 14-17

IV. Action of TDCJ Being Challenged: Denial of MRIS .................................. ¶¶ 18-19

V. No Earlier Challenges to Denial of MRIS ...................................... ¶ 20

VI. Right to File This Action in Federal Court Under ........................................ ¶¶ 21-24
28 U.S.C. §2255 Without Filing For Habeas Corpus In Texas Courts

VII. Criteria for MRIS Under TEX. GOV. CODE 508.146................................. ¶¶ 25-27
And TDCJ Policy Manual A-08.6

    A. TEX. GOV. CODE 508.146 ............... ...................................................¶ 25

    B. Criteria for MRIS Under TDCJ Policy Manuel A-08.6 .........................¶¶ 26-27

VIII. Action by TDCJ Related to Request for MRIS ........................................ ¶¶ 28-49

    A. Treviño's Request for MRIS ..................................................¶¶ 28-34

    B. Request to TDCJ and UTMB Under Texas Open Records Act ...............¶¶ 35-49

IX. Grounds for Request ..................................................................... ¶¶ 50-66

    A. General Description of Grounds ........................................... ¶¶ 50-54

    B. Treviño Qualifies under Six Medical Conditions under ........................ ¶¶ 55-62
    Policy Manual A.08.6

    C.  Treviño Meets the Four Conditions Requiring Release ......................... ¶¶ 63-66
       On MRIS

X.     Qualification Under §508.146 TEXAS GOVERNMENT Code .................. ¶¶ 67-70

XI.    Background to Treviño's Injuries ................................................ ¶¶ 71-85

    A.  Treviño's Injuries in Vietnam and the VA diagnosis ..............................¶¶ 71-74

    B.  Description of Treviño's Physical State at Carol Young ........................¶¶ 75-78

    C.  Observations of Treviño's Disabilities, Mental and Physical ................¶¶ 79-85

XII.   Treviño's Veteran Administration Disability Diagnosis .............................¶ 86

XIII.  Exhibits and Documents Supporting this Petition ........................ ¶ 87

XIV.  Petitioner's Satisfaction to Predicates to Receive this Relief .................... ¶ 88

XV.   Relief Requested ......................................................................... ¶¶ 89

Declarations of Gloria Treviño and John E. Richards Under Penalty of Perjury...Page 51

Signature Page ........................................................................Page 52

.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT
### GALVESTON DIVISION

| | |
|---|---|
| **ROBERT RODRIGUEZ TREVIÑO** | § |
| **Petitioner** | § |
| **v.** | § |
| | § |
| **BRYAN COLLIER, EXECUTIVE** | § |
| **DIRECTOR, TEXAS DEPARTMENT** | § |
| **OF CRIMINAL JUSTICE; DAVID** | § |
| **GUTIÉRREZ, PRESIDING OFFICER,** | § |
| **TEXAS BOARD OF PARDONS AND** | § |
| **PAROLES; THE UNIVERSITY OF** | § |
| **TEXAS MEDICAL BRANCH IN** | § |
| **GALVESTON, TEXAS** | § |
| **Respondents** | § |

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### FOR ROBERT RODRIQUEZ TREVIÑO, TDCJ #729766

## I. PARTIES, JURISDICTION AND VENUE

1. Petitioner is Robert Rodriguez Treviño, TDCJ #729766, Carol Young Medical Center, 5509 Attwater Ave, Dickinson, TX 77539.

2. Respondent is the Texas Department of Criminal Justice, which may be served through its Director Bryan Collier, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701.

3. University of Texas Medical Branch is a Texas Non-Profit Organization which may be served by serving its President, David L. Callender, 301 University Blvd, Galveston, TX 77555.

4. The  Texas Board of Pardons and Paroles is a Texas State Agency which may be served by serving David Gutiérrez its presiding Officer at 209 West 14th Street,

**PETITION FOR WRIT OF HABEAS CORPUS Page 1**

Suite 500

Austin, Texas 78701

P. O. Box 13401

Austin, Texas 78711-3401Jurisdiction lies under 28 U.S.C.§1331 and 28 U.S.C. § 2241, and the asserted violation of Petitioner's rights under the Eight and Fourteenth Amendment of the United States Constitution. Venue is proper under 28 U.S.C. §1391 (b) (1) because Petitioner is currently being held in detention in a TDCJ facility located in Galveston County, Texas.

**II.CAUSE OF ACTION ASSERTED UNDER TEX. GOV. CODE §508.146**

5.   This is a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, alleging Robert Rodriquez Treviño, TDCJ #729766 ("Treviño") is being unlawful incarcerated by the State of Texas, Texas Department of Criminal Justice ("TDCJ") in violation of its obligations to release Treviño on Medically Recommended Intensive Supervision ("MRIS') under the requirements of TEX. GOV. CODE §508.146[1] and TDCJ Policy Manual A-08.6.[2] This Action is supported by documentary evidence found in Exhibits A-S and includes 11 exhibits attached to Exhibit H. Petitioner Treviño is a 73 year old  is a prisoner in his own body. It is Petitioner's position that he is being held in unlawful incarceration in violation of his civil rights and his human rights to be released on MRIS from the Carol Young

---

[1] Chapter 508 of the Tex. Gov. Code contains the provisions related to Parole and Mandatory Supervision in Texas. §508.146 contains the provisions for Medically Recommended Intensive Supervision (MRIS)

[2] TDCJ Policy Manual A-08.6 is attached as Exhibit A.  §508.146 of the Texas Government Code is attached as Exhibit A1.

**PETITION FOR WRIT OF HABEAS CORPUS Page 2**

Medical Facility ("Carol Young"), a prison medical facility of the Texas Department of Criminal Justice (TDCJ).

6.      In particular this is an action to require TDCJ to certify and release Treviño on Medically Recommended Intensive Supervision (MRIS) pursuant to §508.146 of the Texas Government Code and the TDCJ Policy Manual A-08.6, including attachments A & B to the Policy Manual and to immediately transfer Treviño to the Michael E. DeBakey VA Medical Center located at 2002 Holcombe Blvd., Houston, Texas 77030 where he can be afforded the top quality comprehensive long-term in-patient medical care that he has a right to as a Vietnam decorated and 100% disabled Veteran and that he has clearly and shamefully been deprived of at the TDCJ/UTMB as evidenced by his rapidly deteriorating dire and life threatening medical condition.

7.      This Petition been prepared by and is being presented by Gloria Treviño, Petitioner's sister who has his power attorney, and the undersigned, John E. Richards, who has been Petitioner's attorney for many years.[3] It is based upon medical records of Petitioner from TDCJ/University of Texas Medical Branch ("UTMB"), which supplies the insufficient, inadequate and superficial medical care to Petitioner at Carol Young. It is also supported by documents from the Veterans Administration ("VA") because Petitioner is a 100 % totally disabled and decorated Veteran from the Vietnam war, as well as other records gather by Ms. Treviño and the undersigned, Petitioner's attorney. It is also based upon the direct observation of Petitioner by his sister who has visited him almost weekly

---

[3] The Declarations of Gloria Treviño and John Richards are found at the end of this Petition and are supported by their affidavits found as Exhibits 6 and 8 respectively attached to Exhibit H.

**PETITION FOR WRIT OF HABEAS CORPUS Page 3**

for twenty years, and of the observations of the undersigned in the decade he has represented Petitioner and  has visited Petitioner several times at both Carol Young and at the TDCJ Jester IV Unit, as well as having spoken with him on the phone many times. These observations are contained in the Affidavits' of Gloria Treviño and John Richards that are part of the Exhibits to this Petition and are found as Exhibit 6 and 8 to Exhibit H, the MRIS Request to TDCJ to release Treviño on MRIS.

8.      Petitioner asserts that he has a right to MRIS under Tex. Gov. Code §508.146 and TDCJ Policy Manual A-08.6 because he meets all the criteria for release, several of which require his release in accordance with TDCJ Policy Manual A-08.6. This information and documentary evidence have been presented to Respondent TDCJ", but TDCJ has improperly refused to take action on the information but upon information and belief instead has cavalierly refused to act without providing any real justification for its and apparently without reviewing all the evidence presented by Petitioner's sister and attorney upon information and belief one of the reasons that TDCJ has improperly denied denied Treviño;s release  on MRIS because UTMB  does not want to lose about $100,000.00 per year they receive from the TDCJ to take care of Treviño, who is an invalid, and because of Petitioner's severe brain damage and numerous grievances he has alienated the TDCJ/UTMB employees. As a result, upon information and belief, with impunity they have retaliated and swiftly and brazenly wrongfully denied MRIS without even bothering to consider the supporting evidence and likewise and acting to sabotage this application for Writ of Habeas Corpus. Furthermore, because of their extreme hatred and ill-will for Petitioner, which Petitioner's sister, Gloria Treviño has experienced firsthand because of

**PETITION FOR WRIT OF HABEAS CORPUS Page 4**

her complaints to TDCJ/UTMB and its president, Callender in support of Petitioner which have been extremely frustrating and in vain and appear only to make matters worse for Petitioner Treviño and resulting in their filing bogus charges against Petitioner to further restrict him from commissary and TV. Upon information and belief, they also restrict him from the mail and telephone, and in addition, UTMB Employees and Barbarian, Kenia Latin also blatantly refuse to renew Robert's verbal medical authorization to Ms. Treviño erroneously alleging he doesn't want her to have it as part of the harassment and further efforts to interfere with and sabotage his right to MRIS and Writ of Habeas Corpus. Treviño has complained to Warden Hunt, Assistant Warden Lorie Larson and Officer George Jones in Ms. Treviño's presence that the UTMB employees are lying about him not wanting Ms. Treviño to have his medical authorization and their response is they don't have any control and don't have anything to do with UTMB employees.

9.     Petitioner's Representatives fear that, upon information and belief, that the only way TDCJ wants to release Petitioner from unlawful imprisonment is in a body bag. It is Petitioner's belief and the belief of Gloria Treviño that he has been in unlawful imprisoned for an oppressive 24 & 1/2 years and never had a "case" filed against him by the prison authorities until he became helpless and paralyzed. Only after he started filing grievances of neglect, harassment and abuse against UTMB/TDCJ employees at Carol Young did the retaliatory bogus charges begin by them to make him the culprit and again sabotage his release on MRIS/habeas corpus. If this writ is not granted, it is believed that Petitioner will only be released in a body bag.

**PETITION FOR WRIT OF HABEAS CORPUS Page 5**

10.     The action of the TDCJ in this instance is apparently being done with the input of information and medical records of the University of Texas Medical Branch, Galveston Texas (UTMB), Texas, pursuant to a contract between these two entities and the requirements of TDCJ Policy Manual A-8.06.[4] Upon information and belief UTMB provides the insufficient, inadequate and superficial medical services to inmates at Carol Young, some of whom have serious medical issues, both physical and mental, as does Treviño.

11.     Petitioner asserts he is being held in violation of his civil rights and human rights in the failure of TDCJ to release him under §508.146 and Policy Manual A-08.6 that qualify him for release. Petitioner asserts that TDCJ is required to certify and release Treviño on MRIS pursuant to §508.146 of the Texas Government Code and the TDCJ Policy Manual A-08.6, including attachments A & B to the Policy Manual.[5] The wrongful refusal to release Petitioner on MRIS is in itself clearly cruel and unusual punishment considering Petitioner's dire and life-threatening health conditions, both physical and mental.

12.     It is important to note that this is <u>not</u> an action for application for Writ of Habeas Corpus based upon Treviño's original conviction in 1996 described below, a conviction which Treviño has always contended he was not guilty of and which were the subject of a

---

[4] The Contract between TDCJ and UTMB is attached as Exhibit S, and the Policy Manual is Exhibit A.
[5] The TDCJ Policy Manual A-08.6, including attachments A & B, is attached as Exhibit A.

**PETITION FOR WRIT OF HABEAS CORPUS Page 6**

previous habeas corpus action with Treviño lost.[6] Rather the action under 28 U.S.C. § 2241 is related to circumstances related to Treviño's health which have arisen in the past several years while an inmate of TDCJ rendering him totally incapacitated  physically and in a severely impaired mental states, recently like dementia, which qualify him for MRIS under Tex. Gov. Code  §508.146 and TDCJ Policy Manual A-08.6and which TDCJ is refusing to grant. In other words, this is a new matter complete unrelated to the previous Writ for Habeas Corpus filed by Treviño on November 29, 2010 in the Northern District of Texas.[7]

## III.PERSONAL INFORMATION ON PETITIONER

13.     Full Name:  Robert Rodriquez Treviño

14.     Other Names Used:   None

15.     Place of Confinement:

    (a)     Name: Carol Young Medical Facility/Texas Department of Criminal Justice

    (b)     Address:  5509 Attwater Ave., Dickinson, TX, 77539

    (c)     Identification number:  TDCJ #729766

16.     Treviño is currently being held on orders of the State of Texas/Texas Department of Criminal Justice pursuant to a felony conviction in Ellis County Texas.[8] Although

---

[6] Treviño asserts he had inadequate representation in his trial but his earlier attempt to assert this petition was dismissed because the fact that the Petitioner's sister was basically doing it on her own without the assistance of counsel.

[7] *Treviño v. Thaler*, USDC, N. Tex. # 3-10-CV2413-D. The relevant portions the Magistrates Findings which show the underlying convictions of Treviño are attached as Exhibit E. These findings were affirmed at all levels of review and appeal and are not being challenged here; however, it is Treviño's contention that these convictions trigger his right to MRIS.

[8] These felony convictions are detailed in Exhibit E, Magistrate's Findings.

**PETITION FOR WRIT OF HABEAS CORPUS Page 7**

Petitioner has always maintained his innocence, this sentence and incarceration, which as noted above is not being challenged by the Petition are set forth below and has no basis in this action under. However, the incarceration that is being challenged is that by the Texas Department of Criminal Justice in violation of Treviño's civil and human rights for failure to grant Treviño Medically Recommended Intensive Supervision (MRIS) pursuant to §508.146 of the Texas Government Code which also constitutes cruel and unusual punishment.

(a)    The name and location of the Court that originally sentenced Trevino: 40th Judicial District Court, Ellis County, Texas. However, the name and location of the Governmental Entity improperly incarcerating Treviño is the Texas Department of Criminal Justice, 209 West 14th Street 5th Floor, Price Daniel Building, Austin, TX 78701 and its Reentry Integration Division, 4616 W. Howard Lane, Suite 200, Austin, TX 78728

(b)    The Docket number of the original Case: Cause Nos. 21530CR, 21531CR, 21532 CR, 21533CR,12543CR; however, there is no particular docket number for the action of TDCJ on the request for MRIS other than Treviño's TDCJ #729766

(c) Date of Sentencing: the original date of sentencing is August 25, 1995. The date of denial of Petitioner's request for MRIS is February 27, 2019.[9]

**IV. ACTION OF TDCJ BEING CHALLENGED: DENIAL OF MRIS**

---

[9] A copy of the February 27, 2019 decision is attached as Exhibit B

**PETITION FOR WRIT OF HABEAS CORPUS Page 8**

17.     The action being challenged is the failure of the Texas Department of Criminal Justice to certify and grant Treviño MRIS pursuant to §508.146 of the Texas Government Code[10] and the TDCJ Policy Manual A-08.6, including attachments A & B to the Policy Manual as set forth above.[11]

18.     Information about the TDCJ decision:

(a)     Name and location of agency:  Texas Department of Criminal Justice, 209 West 14th Street 5th Floor, Price Daniel Building, Austin, TX 78701 and its Reentry Integration Division, 4616 W. Howard Lane, Suite 200, Austin, TX 78728

(b)     Docket Number: No formal docket number has been given but is simply listed under this title: Robert Rodriguez Treviño # 729766

(c)     Decision and Action being challenged: The decision being challenged is the denial by the Reentry and Integration Division of TDCJ of the eligibility and right of  Treviño to qualify for Medically Recommended Intensive Supervision (MRIS) pursuant to §508.146 of the Texas Government Code and the TDCJ Policy Manual A-08.6, including attachments A & B to the Policy [12]under the standards of Chapter 62 of the Texas Code of Criminal Procedure  because of Agency's claim that Treviño is not in a persistent vegetative state or that he is not a person with an organic brain syndrome with significant to total mobility impairment. The decision

---

[10] Exhibit A1
[11] Exhibit A

[12]A copy of the Policy A-08.6 is attached as Exhibit A

**PETITION FOR WRIT OF HABEAS CORPUS Page 9**

was in the form of a one-page letter from the TDCJ Division of Reentry and Integration dated February 27, 2019 and attached as Exhibit B to this Petition.

(d)     Date of this Decision: February 27, 2019, which falls with the on-year statute for bringing this action.

## V. NO EARLIER CHALLENGES TO DENIAL OF MRIS

19.     There has been no appeal of the February 27, 2019 decision [13] which came as a result of the request by Petitioner's representative for Treviño to receive MRIS, submitted to the TDCJ Division of Reentry and Integration on February 20, 2019[14] because there is no appeal right under §508.146 nor a grievance or administrative remedy for this decision under the Texas Government Code or regulations of TDCJ. The undersigned requested the basis for this decision by email and Open Records Requests under Tex. Gov. Code §552 to several divisions and also to entities identified by various TDCJ divisions and departments but have not received any supporting documentation. These requests and responses are as detailed below in Section VIII, ¶¶ 28-48, Action by TDCJ Related to Request for MRIS For Trevino.  There had been an earlier request related to MRIS for Treviño.by Gloria Treviño in 2013, which was denied on November 23, 2013 for the same reason given by the Agency, that  Treviño was not in a persistent vegetative state or that he is not a person with an organic brain syndrome with significant to total mobility impairment. A copy of this letter is attached as Exhibit C. Gloria Treviño's request concerning her brother's health

---

[13] Exhibit B
[14] Exhibit I

**PETITION FOR WRIT OF HABEAS CORPUS Page 10**

was presented by TDCJ position on Treviño's health was laid out in a letter to Gloria Treviño date December 9, 2013. A copy of this December 9, 2013 letter is attached as Exhibit D.

### VI. RIGHT TO FILE THIS ACTION IN FEDERAL COURT UNDER 28 U.S.C. § 2255 WITHOUT FILING FOR HABEAS CORPUS IN TEXAS COURTS

20.     This action is being brought directly to federal court without first filing for habeas corpus in Texas courts because Treviño has no right to file for a Writ of Habeas Corpus under Tex. R. Crim. Procedure Section 11. On August 25, 1995, Treviño was convicted of one count of aggravated sexual assault of a child, four counts of sexual assault of a child, and one count of indecency with a child in Cause Nos. 21530CR, 21531CR, 21532CR, 21533CR, and 21534CR in the 40th District Court of Ellis County.[15] This conviction went through a long appeals process and writ of habeas corpus and the conviction was not overturned. However, this current action is not one based upon his original conviction. Rather, as set forth above, it is based upon the current action of TDCJ in refusing to grant MRIS to Treviño. In addition, this is not an action for writ of habeas corpus to be submitted first to the Texas courts. Although the State of Texas provides for the right of an inmate to file a writ for habeas corpus under Chapter 11 of the Texas Code of Criminal Procedure, Chapter 11 does not provide for habeas corpus relief. Chapter 11 provides for three circumstances under which it can be invoked. These three circumstances are found in Sections. 11.07, 11.071 and 11.072 of Chapter 11.

---

[15] A Copy of the Magistrate's findings in an earlier case which identifies the charges for which Treviño is incarcerated is attached as Exhibit E

**PETITION FOR WRIT OF HABEAS CORPUS Page 11**

21.    Section. 11.07 provides for "Procedure After Conviction Without Death Penalty."

It is designated for the following circumstance:

> This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death" As stated above, this action is not seeking relief from the original felony judgment.

22.    Section 11.071, provides for the "Procedure in Death Penalty Case." Section on of

Art 11.071 states:

> Notwithstanding any other provision of this chapter, this article establishes the procedures for an application for a writ of habeas corpus in which the applicant seeks relief from a judgment imposing a penalty of death."

> Obviously, it is inapplicable here.

23.    Section 11.07 2 provides for "Procedure in Community Supervision Case." Section

1 of this article states:

> This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."

Once again, this action does not seek relief or an order or judgment ordering community service. Texas courts have determined that prisoners do not have a habeas corpus right to challenge the denial of MRIS. *Anthony v. Owens*, et al, No-14-07-01077-CV, Tex. App, July 7, 2009; *Ex. Parte Johnson II* 541 S.W.3d 827 (Tex. Crim. App. 2017) *Ex. Parte Johnny Leri* Cole, No WR-4-094-09, Tex. Crim. App, February 25, 2015

## VII.CRITERIA FOR MRIS UNDER TEX. GOV. CODE 508.146
## AND TDCJ POLICY MANUAL A-08.6

**PETITION FOR WRIT OF HABEAS CORPUS Page 12**

### A. TEX. GOV. CODE 508.146

24.     Tex. Gov. Code 508.146[16] provides the criterial for him to receive MRIS. Section

11.07 2 provides for "Procedure in Community Supervision Case." §508.146(a) of the

Government Code. Subsection (a) provides, in relevant part:

> (a) An inmate other than an inmate who is serving a sentence of death or life without
> parole may be released on medically recommended intensive supervision on a date
> designated by a parole panel described by Subsection (e), except that an inmate
> with an instant offense that is an offense described in Article 42A.054, Code of
> Criminal Procedure, or an inmate who has a reportable conviction or adjudication
> under Chapter 62, Code of Criminal Procedure, may only be considered if a medical
> condition of terminal illness or long-term care has been diagnosed by a physician,
> if:
>
>> (1)   the Texas Correctional Office on Offenders with Medical or Mental
>> Impairments, in cooperation with the Correctional Managed Health Care
>> Committee, identifies the inmate as being:
>>
>>> (A)   a person who is elderly or terminally ill, a person with mental illness,
>>> an intellectual disability, or a physical disability, or a person who has a
>>> condition requiring long-term care, if the inmate is an inmate with an instant
>>> offense that is described in Article 42A.054, Code of Criminal Procedure; or
>>>
>>> (B)   in a persistent vegetative state or being a person with    organic  brain
>>> syndrome with significant to total mobility impairment, if the inmate is an
>>> inmate who has a reportable conviction or adjudication under Chapter 62,
>>> Code of Criminal Procedure;

---

[16] Exhibit A1

**PETITION FOR WRIT OF HABEAS CORPUS Page 13**

**B.  Criteria for MRIS Under TDCJ Policy Manual A-08.6**

25.      TDCJ Policy Manual A-08.6,[17] including attachments A & B sets forth the criteria

for establishing the criteria for determining eligibility for MRIS for a with a reportable

conviction or adjudication under Chapter 62, Code of Criminal Procedure. On pages 1 and

2, A-08.8-6 lays out nine medical conditions that are eligible for MRIS.  With respect to

this Petition for Writ, Petitioner asserts that there are six that apply as are detailed in

Section IX, ¶¶ 49-65, Grounds for Request:

**Elderly:**

65 or over

**Physically handicapped**:

Having a severe, chronic disability that is likely to continue indefinitely  and
results in substantial functional limitations in three or more of the following areas
of major life activity: self-care, self- direction, learning, receptive and expressive
language, mobility, capacity for independent living, or economic self- sufficiency.
These limitations are reflected in the offender's need for a combination and
sequence  of special, interdisciplinary,  or  generic care,  treatment,  or  other
services  of extended or lifelong duration that  are individually planned and
coordinated.

**Mentally Ill:**

Per Section 571.003, Texas Health and Safety Code means an illness, disease or
condition that either substantially impairs an offender's thoughts, perception, or
reality, emotional process, judgment, or grossly impairs an offender's behavior, as
manifested by recent disturbed behavior.

---

[17] Exhibit A

**PETITION FOR WRIT OF HABEAS CORPUS Page 14**

**Long Term Care:**

Care provided to a person who is deficient in the area of self-care and where there is a reasonable medical probability that the clinical condition(s) producing that inability will not change over time and requires nursing care.

**Organic Brain Syndrome:**

Any of a group of chronic syndromes involving temporary or permanent impairment of brain function caused by trauma, infection, toxin, tumor or tissue sclerosis, and causing mild to severe impairment of memory, orientation, judgment, intellectual functions and emotional adjustment.

**Special Needs patients:**

Those with health conditions that require regular care.

26.      In addition, A-.08.6, states, on page 2, that an MRIS Referral is <u>required</u> for nine situations.  Petitioner asserts and as are detailed in Section  that four of these nine are relevant to this application:

**Condition 2:**

All patients with an organic brain syndrome and significant to total mobility impairment (i.e. bed bound)

**Condition 3:**

All patients who meet criteria for Hospice or Permanent Infirmary status

**Condition 4**:

All patients with significant mobility impairments, no expectation of improvement, and requiring 24-hour licensed nursing care.

**PETITION FOR WRIT OF HABEAS CORPUS Page 15**

**Condition 6:**

Patients with mental illness and/or significant developmental or acquired cognitive impairment but without history or suspected propensity for violent or destructive behavior (e.g. schizophrenia, dementia, developmentally disabled etc.)

## VIII. ACTION BY TDCJ RELATED TO REQUEST FOR MRIS FOR TREVIÑO

### A. **Treviño's Request for MRIS**.

27.     As set forth above, the  decision being challenged is the denial by the Reentry and Integration Division of TDCJ of the eligibility and right of  Treviño to qualify for Medically Recommended Intensive Supervision (MRIS) pursuant to §508.146 of the Texas Government Code and the TDCJ Policy Manual A-08.6, (the "Policy Manual") including attachments A & B to the Policy,[18] under the standards of Chapter 62 of the Texas Code of Criminal Procedure. This denial was based upon TDCJ's claim that Treviño is not in a persistent vegetative state or that he is not a person with an organic brain syndrome with significant to total mobility impairment so that he would not qualify for MRIS. The Policy Manual provides that an MRIS can be requested and has procedures that TDCJ is to follow when a request is made.

28.     On February 20, 2019, Petitioner made such request by sending an extensive MRIS Request that is attached as Exhibit H. The MRIS Request was 23 pages long and has 11 exhibits, including a video and a cd of medical records, Exhibits 2 and 9 of Exhibit H.[19]  In

---

[18]A copy of the Policy A-08.6 is attached as Exhibit A

[19] Exhibits 2 and the video in Exhibit 9 are not being attached to the exhibits filed with this Petition because of their length. The case be delivered by mail.

**PETITION FOR WRIT OF HABEAS CORPUS Page 16**

the MRIS Request, Petitioner set forth in detail and with reference to documentation, most of which had come from: TDCJ/UTMB.  The basis for the request was not only supported by the documentation and record but also analyzed each of the grounds for MRIS within Policy A-08.6 and referred to the documents that supported each ground.  A copy of the MRIS Request and is exhibits is attached as Exhibit H, with Exhibits 1-11. The transmittal letter to TDCJ Division of Reentry and Integration, dated February 20, 2019 is attached as Exhibit I

29.     On February 27, 2019, the Petitioner representatives received the TDCJ response. It was in the form of a one-page letter from the Division of Reentry and Integration which is attached as Exhibit B.  In its entirety, the letter states:

> This letter is in response to your recent inquiry regarding the above referenced offender's eligibility for Medically Recommended Intensive Supervision (MRIS).

> MRIS provides for the early review and release of certain categories of offenders who are mentally ill, intellectually disabled, elderly, physically handicapped, terminally ill, or require long-term care. The purpose of MRIS is to release those who pose minimal public safety risk, from incarceration to more cost-effective alternatives. Decisions for MRIS cases are determined by a voting panel of the Texas Board of Pardons and Paroles.

> The 80th Legislative Session enacted HB 2611 allowing MRIS consideration for offenders with a reportable conviction or adjudication under Chapter 62, Code of Criminal Procedure if "in a persistent vegetative state or being a person with an organic brain syndrome with significant to total mobility impairment".

> Information submitted to this office by the unit medical provider indicates that the Offender's condition does not meet the clinical criteria for MRIS at this time.

> For concerns you might have regarding his current medical treatment, please contact TDCJ Health Services, Office of Professional Standards at (936) 437-4271.

**PETITION FOR WRIT OF HABEAS CORPUS Page 17**

30.     There was no explanation of what "information" had been submitted by the medical provider (UTMB) and no mention of any review or analysis of the grounds set out in the MRIS Request (Exhibit H) and all the evidence and documentation presented in the MRIS Request Exhibits.

31.     The response is noteworthy for another reason. There had been an earlier request by Petitioner's Gloria Treviño complaining about the seriousness of Robert's medical condition and on November 23, 2013, TDCJ sent a letter stating that Treviño was not eligible for MRIS for the same reasons as given in the February 2019 letter. The November 23, 2013 letter is attached as Exhibit C.

32.     As can be seen, the wording of the February 27, 2019 is verbatim with the November 23, 2013 letter. There is no acknowledge of any changes in Treviño's condition between this period of time.

33.     In a letter to Gloria Treviño dated December 9, 2013, just two weeks after the November 23rd letter, TDCJ sent another letter to Ms. Treviño which described Treviño medical condition. It says it was in response to a letter from Ms. Treviño inquiring about Treviño's health. There is no mention in the December 9 letter about the MRIS November 23rd letter nor any discussion of whether Treviño would qualify for MRIS.  A copy of this December 9, 2013 letter is attached as Exhibit D.

### B.  Petitioner's Request to TDCJ and UTMB Under the Texas Open Records Act, Tex. Gov. Code §552

34.     When the undersigned received the TDCJ February 9' 2019 letter, he called the Department of Reentry and Integration and asked if he could obtain the records that

**PETITION FOR WRIT OF HABEAS CORPUS Page 18**

supported the denial of MRIS by that Department. He was told these records were not in that division but would be in the TDCJ Health Services Office. The undersigned called that Office and was told he would need to submit a written request, On, March 12, 2019, an Open Records Request letter under Tex. Gov. Code §552 was sent to four parties: the Division of Reentry and Integration, TDCJ, Health Services Office, the Board of Pardons and Paroles and UTMB. This request, attached as Exhibit J, identified the following records sought under the Request:

> 1. MRIs taken of Mr. Treviño brain during his time at the Carol Young Medical Facility or the Jester IV facility in Richmond, Texas. This request is for more that the notations in the records that he has had  MRIs on his brain including ones showed periventricular ischemic brain damage.  While these are important, we are requesting copies of the complete MRIs.

> 2.  Copies of any report or documents furnished by the "unit medical provider" to Reentry and Integration which  show that Mr. Treviño does not meet the criteria for MRIS.

> 3.  Any medical documents from TDCJ/UTMB that support the conclusion that Robert does not have "organic brain syndrome."

> 4.  Any documents at the Texas Board of Pardons and Parole, whether before the Board or with the staff that relate to the consideration or denial of MRIS to Mr. Treviño.

35. On March 13, 2019 Petitioner's Representative received an email response from the TDCJ Executive Services concerning the open records requests sent to various TDCJ divisions. This response, attached as Exhibit K, was:

Mr. Richards,

**PETITION FOR WRIT OF HABEAS CORPUS Page 19**

Your request for records has been received in various departments within The Texas Department of Criminal   Justice (TDCJ).

In regard to records relating to medical or mental health; TDCJ is not the office of record.

All medical/mental health records must be requested thru UTMB.

Below is the contact information.

University of Texas Medical Branch
Medical Records
Attn:  Custodian of Records
262 FM 3478 Ste. B
Huntsville, Texas 77320
Archives (936) 439-1345
Fax (936) 439-1350

36.     It is apparent from this response that TDCJ was saying it had no documentation of any decision related to the medical or mental disqualification of Treviño from MRIS. This is strange because the justification of denial of MRIS are a major issue.

37.     The undersigned received a call from UTMB representative that concerning the March 12th Open Records Request that had also been addressed to UTMB. The UTMB representative asked if the request could be narrowed down in scope, especially with respect to the time frame. Based upon this request, an amended Open Records Request dated April 17, 2019 was prepared solely to UTMB. The amended request, attached as Exhibit L, asked for the following:

With respect to this request, we are asking for the following records, and these requests are all limited to the time period from 2011 to present.

**PETITION FOR WRIT OF HABEAS CORPUS Page 20**

1.      All information or documents in any form submitted by UTMB as unit medical provider to TDCJ, both to the TDCJ Reentry and Integration Division as well as any other part of TDCJ, concerning Mr. Treviño from the time period of 2011 to present.

2.      All information submitted by UTMB as unit medical provider to TDCJ, both to the TDCJ Reentry and Integration Division and any other part of TDCJ which was presented in response to any request in related to the eligibility of Mr. Treviño for MRIS as reflected in the 2013 and 2019 letters, Exhibits 2 & 3 attached to the March 12th letter.

3.      All information submitted by UTMB as unit medical provider to TDCJ, both to the TDCJ Reentry and Integration Division and any other part of TDCJ which was presented in response to any request in related to the eligibility of Mr. Treviño for MRIS with respect to any other inquiry other than that of the 2013 and 2019 letters.

4.      Copies of the full record for MRIs taken of Mr. Treviño brain during his time at the Carol Young Medical Facility or the Jester IV facility in Richmond, Texas. This request is the MRIs from 2010 to present. This request is for more that the notations in the records that he has had MRIs on his brain including ones showed periventricular ischemic brain damage. While these are important, we are requesting copies of the complete MRIS.

5.      All criteria and guidance used by UTMB to determine whether an inmate is eligible for MRIS. This applies specifically to the criteria that relate to an inmate who has a reportable conviction under Chapter 62, of the Code of Criminal Procedure, i.e. "in a persistent vegetative state or being a person with an organic brain syndrome and significant to total mobility impairment." (See the 2013 and 2019 TDCJ letters.)

6.      All medical records the conclusion that Mr. Treviño does or does not have "organic brain syndrome."

7.      Finally, if a summary documents exist, documents that reflect how many requests have been made by TDCJ to UTMB for any facility in the TDCJ system which UTMB services for information as to whether or not an inmate is "in a persistent vegetative state or being a person with an organic brain syndrome and significant to total mobility impairment."

**PETITION FOR WRIT OF HABEAS CORPUS Page 21**

This request is for the period from 2011 to present and only relates to summary documents, if any exist, for all the requests and not for each specific request. In addition, we are interested only in the numbers and all information related to identify information concerning inmates (i.e. name and TDCJ number.

With respect to this request, we are not interested in all of Mr. Trevino's medical record at TDCJ/UTMB. These encompass well over 7,000 pages and we already have many but not all of them. We only want the specific records identified in the requests above.

In addition, if any clarification is needed in order to determine the scope of the request, please contact me immediately and I will happily work with you to make sure they are clear. Also, if, with respect to any of the request or records that one of the four entities is going to seek review by the Texas Attorney General's Office to determine whether parts of the request fall into any of the exemptions to disclosure in the Open Records Act.

Finally, we do not want to pay the costs for duplicate records. Only one copy of the record or document is needed, not four of the same document held by any of the four entities to whom this this request is made.

38.     Nonetheless, despite the April 17th request asking for specific documents and limiting the time frame, the UTMB gave no response to any of the specific requests other than providing on April 24, 2019 an estimated copy cost of $1187.50 for 8185 pages which is cost prohibitive for. A copy of this April 24 UTMB Response is attached as Exhibit M.

39.     Petitioner's attorney continued to seek records from TDCJ and its divisions to see what justified the denial. On August 5, 2019, Petitioner has sent a follow up letter to UTMB which is attached as Exhibit N.  In this letter, Petitioner sought 7 categories of documents:

1.     All documents that your office sent to the Texas Department of Criminal Justice, Office of Reentry and Integration or to any other department of TDCJ in February and/or March, 2019 concerning a request for

**PETITION FOR WRIT OF HABEAS CORPUS Page 22**

consideration for MRIS for inmate Robert Rodriguez Treviño, TDCJ #729766, who is housed at the Carol Young Unit (the "2019 MRIS Request").

2.      All documents that were prepared by UTMB concerning the 2019 MRIS request, whether or not these documents were sent to UTMB. This request will include memoranda, emails or texts.

3.      All documents that your office sent to the Texas Department of Criminal Justice, Office of Reentry and Integration or to any other department of TDCJ in September, October, November 22, 2013 concerning a request for consideration for MRIS for inmate Robert Rodriguez Treviño, TDCJ #729766, who is housed at the Carol Young Unit (the "2013 MRIS Request").

4.      All documents that were prepared by UTMB concerning the 2013 MRIS request, whether or not these documents were sent to UTMB. This request will include memoranda, emails or texts.

5.      All documents that your office sent to the Texas Department of Criminal Justice, Office of Reentry and Integration or to any other department of TDCJ in September, October, November or December 2013concerning a request for consideration for MRIs for inmate Robert Rodriquez Treviño, TDCJ #729766, (The December 9, 2013 Letter.)

6.      All documents that were prepared by UTMB concerning the December 9 letter, whether or not these documents were sent to UTMB. This request will include memoranda, emails or texts.

7.      All documents that your office ever sent to the Texas Department of Criminal Justice, Office of Reentry and Integration or to any other department of TDCJ at from the time period of 2012 to present concerning any request or consideration for MRIS for inmate Robert Rodriguez Treviño, TDCJ #729766,").

8.      All documents that were prepared by UTMB concerning any request or Consideration for MRIS for Mr. Treviño, whether or not these documents were sent to UTMB. This request will include memoranda, emails or texts.

**PETITION FOR WRIT OF HABEAS CORPUS Page 23**

This request is much narrower than the original two letters to UTMB but as of the date of this filing, Petitioner's Attorney has received no response from UTMB.

40.    In addition, on August 5, 2019, Petitioner's Attorney sent an Open Records Request Letter to the TDCJ-Parole Division, Central File Coordination Unit, open records section, attached as Exhibit O, which sought the following records:

1.    All Documents within your office that are related to the MRIS request, the consideration or denial of MRIS to Robert Treviño set forth in September 27, 2019 letter.

2.    All documents furnished to your office by the University of Texas Medical Branch concerning the consideration or denial of the request for MRIS for Robert Treviño in 2019.

3.    All documents furnished to your office by the TDCJ Office of Reentry and integration concerning the consideration or denial of the request for MRIS for Robert Treviño in2019.

4.    All documents furnished to your office by the University of Texas Medical Branch concerning the consideration or denial of the request for MRIS for Robert Treviño in 2013.

5.    All documents furnished to your office by the TDCJ Office of Reentry and integration concerning the consideration or denial of the request for MRIS for Robert Treviño in 2013.

6.    All documents furnished to your office by the University of Texas Medical Branch concerning or related to the December 9, 2013 letter.

7.    All documents furnished to your office by the TDCJ Office of Reentry and integration concerning or related to the December 9, 2013 letter.

8.    All documents in your office that concern the December 9, 2013 letter.

**PETITION FOR WRIT OF HABEAS CORPUS Page 24**

41. On August 5, 2019, the TDCJ-Parole Division, Central File Coordination Unit responded to the August 5, 2019 Request with the following:

> The Parole Division has no responsive information to provide to you regarding your request.
> Please contact the Texas Correctional Office on Offenders with Medical or Mental Impairments.

A copy of this August 5, 2019 response, contained in an email, is attached as Exhibit P.

42. On August 6, 2019, Petitioner's Attorney sent an Open Records Request Letter to the Texas Correction Office for Offenders with Medical or Mental Impairments as suggested by the Parole Division. The letter was also directed to the Division of Reentry and Integration. This request, attached as Exhibit Q, sought the following:

1. All Documents within your office that related to the MRIS request, the consideration or denial of MRIS to Robert Treviño set forth in September 27, 2019 letter.

2. All documents furnished to your office by the University of Texas Medical Branch concerning the consideration or denial of the request for MRIS for Robert Treviño in 2019.

3. All documents furnished to your office by any entity within the TDCJ system concerning the consideration or denial of the request for MRIS for Robert Treviño in 2019.

4. All documents furnished to your office by the University of Texas Medical Branch concerning the consideration or denial of the request for MRIS for Robert Treviño in 2013.

5. All documents furnished to your office by the by any entity within the TDCJ system concerning the consideration or denial of the request for MRIS for Robert Treviño in 2013

**PETITION FOR WRIT OF HABEAS CORPUS Page 25**

6.    All documents furnished to your office by any person or entity concerning the consideration or denial of the request for MRIS for Robert Treviño in 2013.

7.    All documents furnished to your office by the by any person or entity concerning the consideration or denial of the request for MRIS for Robert Treviño in 2013.

43.    As of this date, Petitioner's Attorney has received no further response to the August Open Records Request letters to UTMB, the Texas Correction Office for Offenders with Medical or Mental Impairments and the Division of Reentry and Integration.

44.    As can be seen, Petitioner's Attorney has sent multiple Open Records Requests to different departments or division of TDCJ but has only received what seems to be run arounds.

45.    In one last effort, Petitioner's Attorney has sent on August 16, 2019 copies of all the different Open Request letters to TDCJ – Executive Services, Huntsville, TX 77342-0099 via email at exec.services@tdcj.texas.gov. A copy of this letter, without its exhibits, is attached as Exhibit R. As set forth above, Petitioner's Attorney had already received a Response from Executive Services attached as Exhibit K which seemed to indicate there were no such records; however, the new request is intended to assure that this is the case.

46.    The failure of TDCJ to produce any records from UTMB concerning the MRIS, materials concerning Petitioner's MRIS request is a violation of both the Manual Policy Manual A-08.6, Exhibit A and the Contract between UTMB and TDCJ,[20] especially with

---

[20] Exhibit S

**PETITION FOR WRIT OF HABEAS CORPUS Page 26**

respect to section W of the Contract, TDCJ Contract Number 696-HS-16-17-A003. This

Contract is attached as Exhibit S. Section W. provides:

> W.      Medically Recommended Intensive Supervision (MRIS):  Subject to federal
> and State law, the UTMB shall gather and report medical Information  necessary to
> facilitate the release of Offenders on MRIS to TCOOMMI.   Requests for medical
> screening forms in response to an application for MRIS shall be responded to within
> three (3) working days; requests for medical summaries shall be responded to
> within five (5) working days.  The UTMB's designated physician shall  serve as a
> consultant to the Parole Board to facilitate the Parole Board's comprehension
> of the clinical information submitted by the UTMB. TCOOMMI shall provide
> monthly  reports  of the status  of requests for medical summaries to the UTMB
> Medical Director or Medical Director designee for review.
>
> 1 .      TCOOMMI shall inform the  UTMB of Offenders  who are approved for
> MRIS.  The  UTMB shall in turn provide information related to the Offender's
> current medical status to be utilized by TCOOMMI staff in coordinating post-
> release placement and care.  Any  changes in the Offender's condition since the date
> of medical summary completion are to be reported.
>
> 2.      In the event that a TDCJ Offender patient is an inpatient at a free-world
> hospital at the time they become no longer eligible for services under this Contract,
> the TDCJ,  TCOOMMI and the UTMB will work cooperatively to ensure the
> transfer of responsibility for continued care of the TDCJ Offender patient.  For the
> purposes of this provision, "no longer eligible" means TDCJ Offenders:
>> a.      who have discharged their sentence; been placed on mandatory
>>        supervision; been approved for regular parole; or have been approved
>>        for MRIS release; and?
>> b.      cannot be transferred to their designated release plan due to their
>>        medical condition.

47.    Thus, the Contract indicates that TDCJ should have records related to an MRIS

Request. In addition, A-08.6, Exhibit A, requires that a medical summary be prepared

related to MRIS and provided to the Texas Correctional Office for Offenders with Medical

or Mental Impairments (TCOOMMI) for use in consideration of offenders for Medically

**PETITION FOR WRIT OF HABEAS CORPUS Page 27**

Recommended Intensive Supervision. There is a requirement that Attachments A & B be filed out.

48.     It appears that there are either no records at TDCJ justifying the denial of Petitioner's request for MRIS or that TDCJ is being extremely perverse in pointing Petitioner's attorney to several different divisions which, when asked, to not have the records but say they are with someone else. Petitioner is not asserting there are no such records at TDCJ but rather that TDCJ is reluctant to produce them. However, even if such records do exist, Petitioner asserts that the document and records, both from UTMB and the VA establish there are grounds for him to receive MRIS under TDCJ's own guidelines and that there needs to be a judicial determination based on the analysis of all the facts and medical standards that Treviño qualifies for MRIS.

### IX. GROUNDS FOR REQUEST

####   A.     General Description of the Grounds

49.     The Request for MRIS for Treviño is based upon his medical condition, both physical and mental, which correspond to guidelines set out in the Correctional Managed Health Care Policy Manual, Number A-08.6 and under the criteria of §508.146 of the Texas Government Code, Exhibit A. On pages 1 and 2, A-08.8-6 lays out nine medical conditions that are eligible for MRIS. It is the position of this Petition that Treviño has six of the nine as explained below. Treviño has had these for many years. He had mental illness since before his incarceration and had the organic brain damage then also, probably as a result of severe injuries and head wound, he suffered in Vietnam and which have qualified him for 100% medical disability that he has with the Veterans Administration (VA). His

**PETITION FOR WRIT OF HABEAS CORPUS Page 28**

physical handicap has developed during his time of incarceration to the point where he cannot walk or stand, has very limited mobility with his hands and is confined either to his bed or to a geriatric wheelchair which he cannot self-propel himself with or in bed. He cannot even bathe by himself and must be put in a lift and bathed by an attendant. In other words, Treviño requires 24- hour attendant care. The VA can provide him with the intensive medical supervision that he would require if he is granted MRIS.

50. As mentioned above, there are nine medical conditions under A-08.6 that will qualify for MRIS. Treviño qualifies for six of the nine, which are (a) Elderly, (b) Physically handicapped; (c) Mentally Ill; (d) Long Term Care; (e) Organic Brain Syndrome and (f) Special Needs patients

51. In addition, A-.08.6, states, on page 2, that an MRIS Referral is required for nine situations. Treviño has four of the nine:

Condition 2.   All patients with an organic brain syndrome and significant to total mobility impairment (i.e. bed bound)

Condition 3 All patients who meet criteria for Hospice or Permanent Infirmary status

Condition 4.   All patients with significant mobility impairments, no expectation o f improvement, and requiring 24-hour licensed nursing care

Condition 6.  Patients with mental illness and/or significant developmental or acquired cognitive impairment but without history or suspected propensity for violent or destructive behavior (e.g. schizophrenia, dementia, developmentally disabled

52. Each of these conditions and criteria as they apply to Treviño are set out below.

**PETITION FOR WRIT OF HABEAS CORPUS Page 29**

53. Finally, Form Number A-08.6 (Exhibit A) has Attachments A and B to be filed out by medical professionals and staff from TDCJ/UTMB and staff at Carol Young that provide the care for Treviño. Normally these are to be filled out at Carol Young. However, because TDCJ and UTMB failed to submit these filled out forms in a proper Texas Open Records Request by Petitioner's Attorney, attached as Exhibit G are those filed out by Gloria Treviño and John Richards based upon their direct observation of Treviño and the medical records and other records and documentation submitted.

**B. Treviño Qualifies under Six Medical Conditions Under A-086**

54. With respect to these six medical conditions, the records demonstrate that Treviño meets all six:

55. **Elderly**: An offender sixty-five years of age or older.

Treviño's qualification for this condition is obvious. He is 73 years old and an invalid, so he has met this condition for seven years.

56. **Physically Handicapped:** Having a severe, chronic disability that is likely to continue indefinitely and results in substantial functional limitations in three or more of the following areas of major life activity: self-care, self- direction, learning, receptive and expressive language, mobility, capacity for independent living, or economic self- sufficiency. These limitations are reflected in the offender's need for a combination and sequence of special, interdisciplinary, or generic care, treatment, or other services of extended or lifelong duration that are individually planned and coordinated.

57. TDCJ/UTMB own records establish he is physically handicapped. This diagnosis is found on many pages in the 7,680 pages of records contained in Exhibit 2 of the MRIS submission found at Exhibit H. It is succinctly stated in a D. Long Term Care: Care provided to a person who is deficient in the area of self-care and where there is a reasonable

medical probability that the clinical condition(s) producing that inability will not change over time and requires nursing care. Once again, this is shown in the TDCJ/UTMB records found in Exhibit 3C of Exhibit H:

> He requires total assistance from medical staff for all of his activities of daily living (i.e. bathing, dressing, feeding, toileting, etc.

This statement comes from one of the two letters addressed to Ms. Treviño from TDCJ on in 2013. Both letters are attached in Exhibit 11. The first is dated November 23, 2013And concerns Treviño 's eligibility for MRIS. That letter is discussed below in Section XII.D However, the language above is from the second letter dated December 9, 2013, found at pages 2 and 3 of Exhibit 11. This second letter deals with Treviño 's health, which was already terrible in 2013And has only gotten worse since then.

58.    **Mentally Ill:** Per Section 571.003, Texas Health and Safety Code means an illness, disease or condition that either substantially impairs an offender's thoughts, perception, or reality, emotional process, judgment, or grossly impairs an offender's behavior, as manifested by recent disturbed behavior.

Treviño 's mental illness has been thoroughly described above. It is also identified many times in the 7,680 pages of records of Exhibit 2. The term schizophrenia and paranoid schizophrenia appears uncountable times as a diagnosis or Treviño 's mental condition. It can be summed up from comments from just one page from 2012:

> He still hears voices 6 times a week which bother him. The voices tell him they are going to get him, kill him.

> The diagnosis on this page is: "Schizophrenia, paranoid type." Three of these similar pages are attached as Exhibit 3D.

**PETITION FOR WRIT OF HABEAS CORPUS Page 31**

59. **Long Term Care**: Care provided to a person who is deficient in the area of self-care and where there is a reasonable medical probability that the clinical condition(s) producing that inability will not change over time and requires nursing care.

Once again, this is shown in the TDCJ/UTMB records found in Exhibit 3C:

> He requires total assistance from medical staff for all of his activities of daily living (i.e. bathing, dressing, feeding, toileting, etc.

60. **Organic Brain Syndrome:** Any of a group of chronic syndromes involving temporary or permanent impairment of brain function caused by trauma, infection, toxin, tumor or tissue  sclerosis,  and causing  mild to severe impairment of memory, orientation, judgment, intellectual functions and emotional adjustment.

The evidence of Treviño's Organic Brain Syndrome is found above on pages 1-2 and in Exhibits 3A 3B & 3C.

61.  **Special needs patients**: include those with health conditions that require regular care.

Once again, this is obvious from the evidence provided in the discussions above concerning Physically Handicapped (XII B); Mentally Ill (XII C); Long Term Care (XII D); and Organic Brain Syndrome (XX D)

### C.   Treviño Meets the Four Conditions That <u>Require</u> He Be Released On MRIS

62. **All patients with an organic brain syndrome and significant to total mobility impairment (i.e. bed bound)**

The evidence of Treviño's Organic Brain Syndrome is found above on pages 1-2 and in Exhibits 3A and 3A & 3B:

**PETITION FOR WRIT OF HABEAS CORPUS Page 32**

> Considering his neurological [history] Mr. Treviño developed the above stated cognitive deficits as a result of the closed head injury (CHI) secondary to the concussion of the grenade blast. [28]

Treviño also has a total immobility impairment:

> He requires total assistance from medical staff for all of his activities of daily living (i.e. bathing, dressing, feeding, toileting, etc.)29

63. **All patients with significant mobility impairments, no expectation of improvement, and requiring 24-hour licensed nursing care**.
Once again, the records show:

> He requires total assistance from medical staff for all of his activities of daily living (i.e. bathing, dressing, feeding, toileting, etc.)30.

64. **All patients who meet criteria for Hospice or Permanent Infirmary status.**

Obviously, the fact that Treviño is in the Carol Young Medical Facility and in its extended care, and the fact that he requires "total assistance from the medical staff for all of his activities of daily living" is evidence that he is in permanent Infirmary status."

65. **Patients with mental illness and/or significant developmental or acquired cognitive impairment but without history or suspected propensity for violent or destructive behavior (e.g. schizophrenia, dementia, developmentally disabled etc.)**

There is no history for the 24 ½ years Treviño has been in the TDCJ system that he has been violent or engaged in destructive behavior. In addition, his cognitive impairment is documented in the VA Clinical Report, Exhibit 3A.Furthermore, in addition, there is a qualifying condition of Persistent Vegetative State. Although Treviño is not in a persistent vegetative state, he has periods of being in a vegetative state when he has his repetitive life-threatening seizures.

_____

**PETITION FOR WRIT OF HABEAS CORPUS Page 33**

## X. QUALIFICATION UNDER §508.146 TEXAS GOVERNMENT CODE

66.     Treviño was convicted under statutes that fall under Chapter 62 of the Texas Code of Criminal Procedure. We assert that he meets the criteria for MRIS under §508.146(a) of the Government Code. Subsection (a) provides, in relevant part:

> except that an inmate with an instant offense that is an offense described in Article 42A.054, Code of Criminal Procedure, or an inmate who has a reportable conviction or adjudication under Chapter 62, Code of Criminal Procedure, may only be considered if a medical condition of terminal illness or long-term care has been diagnosed by a physician, if:

> (1)   the Texas Correctional Office on Offenders with Medical or Mental Impairments, in cooperation with the Correctional Managed Health Care Committee, identifies the inmate as being:

> (A)   a person who is elderly or terminally ill, a person with mental illness, an intellectual disability, or a physical disability, or a person who has a condition requiring long-term care, if the inmate is an inmate with an instant offense that is described in Article 42A.054, Code of Criminal Procedure; or

> (B)   in a persistent vegetative state or being a person with an organic brain syndrome with significant to total mobility impairment, if the inmate is an inmate who has a reportable conviction or adjudication under Chapter 62, Code of Criminal Procedure;

67.     Treviño was convicted of an offence described in Article 42A.053, Tex. Code. Crim. P. and reported under Chapter 62. Petitioner does not deny that the provision related to MRIS qualification under this type of offences. However, as set forth in the documentation presented as evidence to this Petition, Treviño's current medical condition meets these conditions. He has "totally mobility impairment", as set forth above. Moreover, it is also clear that he has an "organic brain syndrome." His symptoms began when he "suffered a serious head injury when he was shot through his helmet and injured in a hand

grenade concussion blast," and "considering his neurological hx [history and examination] Mr. Treviño developed the above stated cognitive deficits as a result of the closed head injury (CHI) secondary to the concussion of the grenade blast. "31   This is the verbatim wording from the VA Clinical Report found in Exhibit 3A of Exhibit H. The TDCJ/UTMB records show he is diagnosed with periventricular ischemic changes to his brain, as shown in Exhibit 3B of Exhibit H. Such changes can lead to cognitive impairment and dementia. One factor that is significant is that the radical deterioration of Treviño's condition, which has not been diagnosed but only observed at the Carol Young Facility, indicates more than just a mental disease. It is Petitioner's contention, based upon the records, that it began as a brain injury in Vietnam and has progressed.

68.     In a 2013 letter to Ms. Treviño, attached as Exhibit 11, TDCJ stated to be eligible for MRIS, Treviño would have to be a person with:

 "organic brain syndrome with significant to total mobility impairment."

It then concludes, but without any analysis that:

"Information submitted to this office by the unit medical provider indicates that Offender Treviño's condition does not currently meet the clinical criteria stated above.

Several things are significant about these statements. First, the word with is underlined in the first sentence, stressing the "significant to total mobility impairment." That was in 2013. Treviño now has total immobility. Second, from the evidence presented, it is apparent that Treviño does have organic brain syndrome. Back in 2013 he had

**PETITION FOR WRIT OF HABEAS CORPUS Page 35**

periventricular ischemic changes to his brain. The marked decline in his mental function since then as described above indicate that these organic changes are progressing.

70.     The TDCJ/UTMB medical records at numerous times state that Treviño has periventricular ischemic changes to his brain. [21] These documents are found in Exhibit 3B of Exhibit H.

## XI. BACKGROUND TO TREVIÑO'S INJURIES

### A.     Treviño's Injuries in Vietnam and the VA diagnosis

71.     Treviño is now a 73-year-old invalid. He has been in the TDCJ system for about 24 years and is now completely disabled, both physically and mentally. He came to the TDCJ already damaged physically and mentally. (See Exhibit 3A of Exhibit H) Treviño is an American war hero. He is highly decorated, totally permanently disabled honorably discharged veteran of the United States Armed Forces.[22] This occurred in Vietnam where he received the Bronze Star with "V" for Valor and Purple Heart Recipient and was highly recommended for the distinguished Silver Star for his heroic achievements in combat. Other medals include the Combat Action Ribbon, Good Conduct Medal, National Defense Service Medal and RVN Cross of Gallantry. Refer to Exhibit 5 of Exhibit H.

72.     During combat, Treviño sustained several injuries that have contributed to his disabilities.  There Treviño suffered a concussion blast head injury which rendered him

---

[21] Exhibit 2, which contains 7680 pages of records from TDCJ/UTMB.

[22] Documents related to Treviño's military service and commendations are found in Exhibit 5 of Exhibit H. Pictures showing him in Vietnam and having a medal are found in Exhibit 9 of Exhibit H, pages 7-8 and are also detailed in the Affidavit of Gloria Treviño, found in Exhibit 6 to Exhibit H.

**PETITION FOR WRIT OF HABEAS CORPUS Page 36**

unconscious and profusely bleeding from the ears, nose and mouth.  Another time he was shot in the head while rescuing a wounded soldier while under heavy fire from all sides while wounded himself.[23] Another time he fell 35 to 40 feet into a ravine splitting his right kneecap in half, crippling his knee.  He also suffers from Ischemic Heart Condition as a result of extensive exposure to Agent Orange. This condition is referenced in many of the records in Exhibit 2 of Exhibit H. It appears he also suffers from peripheral neuropathy of the upper and lower extremities as a result of this Exposure.

73.     It is vitally important to present additional evidence of Treviño's brain damage found in the records of the Texas Department of Criminal Justice ("TDCJ") the University of Texas Medical Branch ("UTMB") which has provided insufficient, inadequate and superficial medical care to Treviño for years, as well as in the Veterans Administration ("VA") records. These records will be identified below and also are attached as Exhibits to Exhibit H.

74. The brain damage actually began during the Vietnam war. In 1995 the VA did an extensive report on Treviño's physical and mental condition, long before he entered the TDCJ prison system. This VA Clinical Report is attached as exhibit 3.A of Exhibit H. This Reports states in part:

> Mr. Treviño suffered a serious head injury when he was shot through his helmet and injured in a hand grenade concussion blast. Mr. Treviño was rendered momentarily unconscious and was profusely bleeding from his ears, nose and mouth. …At this time Mr. Trevino began experiencing what he refers to as "drop attacks: which present as sudden blackouts and he has no recollection of them

---

[23] A picture of Trevino's helmet with marks from the shots is found in Exhibit 9 of Exhibit H, page 6. Also see Exhibit 3A of Exhibit H.

**PETITION FOR WRIT OF HABEAS CORPUS Page 37**

occurring. Mr. Treviño was offered a medical discharge which he refused because he wanted to complete his tour of duty. . . . he began to experience "drop attacks after this head injury which persist today. (1993) . . . He noted it was not uncommon for him to experience visual hallucinations with the daytime episodes.[24]

and

Considering his neurological hx [history and examination] Mr. Treviño developed the above stated cognitive deficits as a result of the closed head injury (CHI) secondary to the concussion of the grenade blast.[25]

### B.   Description of Treviño's Physical State at Carol Young

75.   Treviño has been in the Texas Department of Criminal Justice (TDCJ) for 24 & 1/2 long and oppressive years. Treviño is a 73-year-old invalid currently housed at the extended care section of the Carol Young Medical Facility (Carol Young), located at 5509 Attwater Ave, Dickinson, TX 77539.

76.   Treviño has been confined to a bed or geriatric wheelchair for years because he is practically totally and permanently paralyzed and needs 24-hour help and assistance from the medical staff for all his activities of daily living (i.e., bathing, dressing, changing diapers, eating, toileting, transferring from bed to geriatric wheel chair and back, not being able to move about the unit, and cannot even roll over in his bed, etc.)[26]

77.   He is completely permanently disabled, both physically and mentally, which includes evidence of confusion, accelerated memory loss, dementia, schizophrenia, PTSD and brain damage. See Exhibits 3A, 3B and 3C. As set out above, TDCJ/UTMB has reports

---

[24] Exhibit  3A, page 2
[25] Exhibit 3A, page 7.  The report lists 7 on pages 4-7
[26] See Affidavit of Gloria Treviño found in Exhibit 6 to Exhibit H

**PETITION FOR WRIT OF HABEAS CORPUS Page 38**

on Treviño's brain, dated 11/20/2012 and 12/04/2012 that show periventricular ischemic changes in his brain. (See Exhibit 3B) as well as in the VA Clinic Report dated May 9, 1995 (See Exhibit 3a). This report shows Treviño had accelerated "memory problems" and "cognitive deficits" as a result of concussion blast during his tour in Vietnam, where he was also shot in the head. As shown in Exhibit 3A to Exhibit H, Treviño sustained many of these conditions as a result of concussion blast head injury and being shot in the head during his tour in Vietnam.

78.    Petitioner contents that Treviño also has a history of atonic seizures and repetitive life-threatening seizures that put him in a vegetative state for long periods of time and needs long term care for the rest of his life which the Veterans Administration can provide him at the Michael E. DeBakey VA Medical Center located at 2002 Holcombe Blvd., Houston, Texas 77030. His eligibility is shown in Exhibit 4 to Exhibit H.  These disabilities and access to long-term medical care at the VA qualify Treviño for MRIS, and he deserves MRIS for the reasons and grounds that will further be set forth below.

### C.    Observations of Treviño's Disabilities, Mental and Physical as Observed by His Sister and His Attorney

79.    Gloria Treviño is Treviño's sister and person who has been charge of his affairs for over almost two decades. John E. Richards has been Treviño's attorney since 2008. They provided Affidavits[27] to the Request for MRIS submitted to TDCJ, that are based upon the direct observations of Treviño, his condition in units he has been confined in, and their

---

[27] Gloria Treviño's Affidavit is found as Exhibit 6 to Exhibit H. John Richards' Affidavit is found as Exhibit 8 to Exhibit H.

**PETITION FOR WRIT OF HABEAS CORPUS Page 39**

knowledge of the extensive documentary evidence which both Gloria Treviño and John E. Richards have. The details of their knowledge are set forth in a section below and are also based upon a documentary medical evidence, including Treviño's Medical Records from TDCJ/UTMB compromising 7,680 pages and the records from the Veteran's Administration.[28] A complete list of these exhibits is shown on pages 10-11. All the exhibits are attached in paper form except Exhibit 2, which consists of 7,680 pages of medical records. It is on disc rather than printed out, but it is important to show how many medical issues Treviño has had.

80.     As set forth above, the request to the TDCJ was provided Gloria Treviño[29] with the assistance of John E. Richards, who is the attorney for both Treviño and Ms. Treviño.  Ms. Treviño has Treviño's power of attorney[30] and has acted for him and acts for him in business and legal matters as well as with the Veterans Administration concern in Treviño's benefits there, a copy of which is attached as an exhibit. Gloria has been working for over a decade to assure Treviño is receiving proper medical care. Ms. Treviño's direct observation of Treviño's declining health condition as detailed in her Affidavit, Exhibit 6 to Exhibit H. , and which described below. Because of the lack of top-quality comprehensive intensive medical care by TDCJ/UTMB, Treviño's current medical condition is dire and life threating.

---

[28] Exhibit 2, Exhibits 3A, 3B, 3C and 3D of Exhibit H.
[29] Exhibit 6 to Exhibit, Affidavit of Gloria Trevino
[30] Exhibit 7 to Exhibit H, Power of Attorney

**PETITION FOR WRIT OF HABEAS CORPUS Page 40**

81.     Mr. Richards has assisted Treviño since 2008.[31] Both Ms. Treviño and Mr. Richards are familiar with Treviño's health issues. Ms. Treviño has visited Treviño constantly during the last twenty years. Mr. Richards has visited with Treviño many times, the first at Jester IV and the remainder at Carol Young where he was able to observe the physical condition, physical and mental as it deteriorated over the years. He also has had numerous telephone conferences with Treviño. The "we" that is referred to in this document is Ms. Treviño and Mr. Richards.

82.     Treviño suffers extreme physical disabilities which have significantly increased during the time he has been in the TDCJ/UTMB prison system, and especially from the time he was at the Jester IV Unit in Richmond and in Carol Young, which disabilities have been observed by Ms. Treviño and the undersigned. Treviño can no longer walk or stand and there is evidence of brain damage, both in his record, his symptoms, including MRIs of Treviño's brain taken at UTMB/TDCJ which show periventricular ischemic changes and also including comments made to Ms. Trevino by the physician performing surgery on Treviño's neck. Treviño's surgeon told Ms. Treviño that he doubted that the neck surgery had done him any good because he said that Treviño had brain damage that was contributing to his paralysis. Treviño must spend all his time either in bed or strapped to a geriatric wheelchair. He cannot sit by himself in a wheelchair but must be strapped in and he cannot propel himself but must be pushed by the Young personnel or another prisoner. He has almost no use of his arms and hands, and no strength at all in his hands, practically

---

[31] Exhibit 8 to Exhibit H, Affidavit of John Richards

**PETITION FOR WRIT OF HABEAS CORPUS Page 41**

completely paralyzed. He can barely lift his arms. He must be bathed and fed and have his diapers changed. In fact, these conditions are confirmed throughout the medical records, including this statement from December 9, 2013 Correspondence from TDCJ to Ms. Treviño:

> He requires total assistance from medical staff for all of his activities of daily living (i.e. bathing, dressing, feeding, toileting, etc.)[32]

83.    Treviño also suffers from brain injury which contributed to severe mental disorders, including paranoid schizophrenia and PTSD. His disabilities and problems followed him from Vietnam where he received a head wound and other injuries. Gloria Treviño, as set forth in Exhibit 6 to Exhibit H, observed indications of dementia that have affected his thinking, makes up things he believes are true, accelerated memory problems and has behavioral problems which have offended and alienated almost everyone that comes in contact with him. As a result, upon information and belief, with impunity the TDCJ/UTMB employees in active concert and collaboration with each other have retaliated against Treviño, at times blatantly refusing to change his diaper or bathe him. They also purposely and maliciously drop him when moving him, causing him bruising and causing hairline fractures of his arm and further injuring his head. As result, his symptoms are increasing, and he is also suffering repetitive life-threatening seizures. He has difficulty recognizing common things. For example, when the doctor at the hospital asked Treviño if he ever, had any heart surgeries, Treviño replied "NO." Treviño had no recollection and did not

---

[32] Exhibit D, page 3, the TDCJ letter to Gloria Treviño dated December 9, 2013.

**PETITION FOR WRIT OF HABEAS CORPUS Page 42**

remember his massive heart attack and Gloria Treviño had to tell his doctor that Treviño had in fact have heart surgery and stints inserted in his heart arteries and he suffers from severely compromised ischemic heart condition. Treviño did not remember the life-threatening seizures that he had just had that put him in a persistent vegetative state for long period of time. Another time, while visiting him, Treviño asked his sister: "Where am I?" He had forgotten where he was. Another time he asked her, "Who are you?" He had forgotten who she was. Most recently, another time while Gloria was visiting him out of nowhere, Treviño blurted out," You killed Juan!" Juan is one of their other brothers who had died of a heart attack and complications with diabetes and cancer (NHL) in 2012. Ms. Treviño was offended and obviously distressed about it. Treviño has also accused his own attorney of paying $2,000.00 to the medical staff at the Carol Young to kill him.[33] He often told Gloria that the medical staff at the Carol Young are trying to kill him by poisoning his food and orders her to file complaints with the local police and contact the media. He often tells Ms. Treviño that the nursing staff have killed other inmates and that they are trying to kill him as well and that he feared for his life and that she needed to contact the local police and make a report and to contact the media as well. Treviño often becomes irritable and more paranoid and unreasonable if she disagrees with him or tries to convince him otherwise so she just lets him talk and not say anything. Treviño also often cries or laughs at inappropriate times during her visits. Furthermore, Treviño seems to spend nearly every day all day long filing questionable lengthy rambling grievances against the nursing

---

[33] See Affidavit of John Richards, Exhibit 8 to Exhibit H.

**PETITION FOR WRIT OF HABEAS CORPUS Page 43**

medical staff at the Carol Young Medical Facility which are all determined to be unfounded which is further evidence that his thinking ability is so impaired that it interferes with his daily functioning. Refer to Gloria Treviño's Affidavit, exhibit 6. [34] With impunity, TDCJ/UTMB retaliates without considering his brain damage and aggravates his dire and life-threatening medical condition in further of their efforts to induce his death and release him in a body bag and sabotage the MRIS and writ of habeas corpus.

84.      Treviño's medical records that are being submitted as exhibits, and particularly Exhibits 2, 3, 4, 10 & 11 to Exhibit H, the MRIS Request, show not only the extent of his medical disabilities and the indications of permanent injury to his brain and in particular, periventricular ischemic changes in his brain. Petitioner asserts these injuries and his current condition, including the brain damage. qualify him for MRIS. As described above and in Exhibit 6 to Exhibit H, Gloria Treviño has observed indications of dementia in her regular visits. These symptoms are increasing and as detailed in her Affidavit and the Richards Affidavit.[35]

85.      John Richards, the Undersigned, has visited Treviño several times over the last few years, including once at the Jester IV unit and several more at Carol Young. He has observed the medical condition and disabilities of Treviño and even has a video taken in a lawsuit which shows how confined he is to his geriatric wheelchair which is basically a bed on wheels. Mr. Richards has been representing Treviño since 2008 and physically

---

[34] Exhibit 3A, pages 1-2 and Exhibit 5, pages 2
[35] Exhibit 6 to Exhibit H, the Gloria Treviño Affidavit and Exhibit 8 to Exhibit H, the Richards Affidavit

**PETITION FOR WRIT OF HABEAS CORPUS Page 44**

visited him, first at Jester IV and then several times at Carol Young. He has also spoken with him on the phone numerous times. He has also had access to over 7,860 pages of Treviño's medical records. He has had the opportunity to see how Treviño's physical condition is and assess his mental condition. Both are horrible and Treviño's physical condition has dramatically declined since he first saw him at Jester. At visits he is now wheeled out in a geriatric wheelchair, which is basically a bed.[36] He can barely move his arms, and in fact can barely move at all. His mental condition is also terrible and declining. Treviño's mind has degenerated, so he generally speaks supposed conspiracies against him at the Unit and that an inmate had been hired to kill him, claiming that has hired them to do so. And when he knows Richards is coming for a visit, he will tell him to come right away because they are going to kill him the night before he come. One time he even told someone that Richards, the undersigned had paid money to have him killed.[37]

## XII. TREVIÑO'S VETERAN ADMINISTRATION DISABILITY DIAGNOSIS

**86.**     Treviño has also received 100% service-connected disability diagnosis from the Veterans Administration has had this qualification for about 26 years. These records are found in Exhibit 4 to Exhibit H; and Treviño has been disabled since Vietnam as detailed in Exhibit 3A to Exhibit H. He was twice offered a Medical Disability Discharge back then and twice he had rejected it and was "crazy" not to have taken it to receive the financial and medical help he so badly needed. This is further long-standing

---

[36] Exhibit 9 to Exhibit H, pages 1-3, and Exhibit 11 to Exhibit H, page 3

[37] Richards Affidavit, Exhibit 8 to Exhibit H and Gloria Treviño Affidavit, Exhibit 6 to Exhibit H

**PETITION FOR WRIT OF HABEAS CORPUS Page 45**

evidence of brain damage and inability to think correctly and drastic impairment of his judgment. Because of his status with the VA, he has eligibility there a n d supervised medical care at the Michael E. DeBakey VA Medical Center located at 2002 Holcombe Boulevard in Houston, Texas 77030.

### XIII. EXHIBITS AND DOCUMENTS SUPPORTING THIS PETITION

87.     This Petition request is supported by extensive medical and other evidence. It is important to present all this evidence to review his eligibility for MRIS can have it in their hands. This is especially important because there are over 7,680 pages of TDCJ/UTMB records to go through. And these are the medical records from only 2012 on. There are certainly many more in addition to Treviño's VA records. The Following are being submitted:

Exhibit A       Policy Manual A-08.6, including attachments A & B
Exhibit A1      §508.146, Tex. Gov. Code.
Exhibit B.      February 27, 2019 Letter from TDCJ Denying MRIS
Exhibit C       November 2013 Letter from TDCJ Denying MRIS
Exhibit D       December 2013 Letter from TDCJ on Treviño's Health
Exhibit E.      Magistrate's Findings identifying underlying convictions
Exhibit F       February 20, 2019 Transmittal letter to TDCJ with MRIS Request
Exhibit G       Attachments A & B Policy Manual A-08.6 filed out
Exhibit H       MRIS Request submitted to TDCJ, with 11 exhibits:

    1.      Attachments A & B to Policy Manual A-08.6, filled out by Gloria Treviño and Richards based upon their direct observation of Robert and the medical records found in the various exhibits
    2.      Treviño's Medical Records from TDCJ/UTMB submitted on a disc because of the enormous number of pages for those records
    3.      Key Documents from the VA and TDCJ/UTMB documenting Treviño's Brain Damage and Total Physical and Mental Disability

**PETITION FOR WRIT OF HABEAS CORPUS Page 46**

3A   VA Clinical Report, 5/9/95 documenting Treviño brain damage

3B   TDCJ/UTMB records showing Robert's periventricular ischemic brain damage

3C   TDCJ/UTMB records showing Treviño's total physical disability

3D   TDCJ/UTMB records identifying Treviño's mental illness

4.   Documentary evidence concerning Treviño's status with the Veterans Administration and eligibility for MRIS

5.   Documentary evidence concerning Treviño's status as a veteran of the United States Marines

6.   The Affidavit of Gloria Treviño, Treviño's sister

7.   Power of Attorney from Treviño to Gloria Treviño

8.   The Affidavit of John E. Richards, Treviño's attorney

9.   Pictures of Treviño showing his current immobility, including portions of a video deposition taken of Treviño as well as his helmet from Vietnam where he was shot and pictures from Vietnam

10.  Treviño's psychiatric diagnosis from Dr. Karen Brown, a psychiatrist from Houston

11. Records of the previous MRIS done for Treviño and other correspondence from TDCJ/UTMB from 2013

| | |
|---|---|
| Exhibit I | February 20, 2019 Letter to TDCJ Division of Reentry transmitting MRIS Request |
| Exhibit J | First open records to TDCJ Division of Reentry and Integration TDCJ Health Services, Texas Board of Pardons and Parole and UTMB dated March 12, 2019 |
| Exhibit K | Email Response from TDCJ  Open Records Exec Services dated March 13, 2019 |
| Exhibit L | Revised Open Record Request to UTMB dated April 17, 2019 |
| Exhibit M | UTMB Response dated April 24, 2019 to Amended Request, Exhibit L |
| Exhibit N | Letter to UTMB dated August 5, 2019 |
| Exhibit O | TDCJ-Parole Division, Central File Coordination Unit dated August 5, 2019 |
| Exhibit P | Response from TDCJ- Parole Division dated August 5, 2019 |
| Exhibit Q | Letter to Texas Correction Office for Offenders with Medical or Mental Impairments dated August 6, 2019 |
| Exhibit R | Letter to TDCJ Executive Services dated August 16, 2019. |

**PETITION FOR WRIT OF HABEAS CORPUS Page 47**

Exhibit S        UTMB/TDCJ Contract

## XIV. PETITIONER'S SATISFACTION TO PREDICATES
## TO RECEIVE THIS RELIEF

88.    In addition, Petitioner asserts that he meets all the conditions and predicates to

obtain habeas corpus relief from this court:

  a.  He has a Cognizable Claim under the VIII and XIV Amendments to the

     United States Constitution, because he is being deprived of a right to receive

     Medically Recommended Intensive Supervision (MRIS) at the Department

     of Veteran's Affairs.

  b.  This action is under the one-year limitation requirement challenging the

     decision dated February 27, 2019, Exhibit B.

  c.  Petitioner asserts that all Texas State Court remedies have been complied,

     and that he has exhausted all his rights under Texas law and that there is an

     absence of available state corrective process and that the circumstances set

     forth render any such process ineffective to protect the rights of Petitioner

     who is in life threatening conditions with his failing health. Chapter 11 of

     the Texas Code of Criminal Procedure and in particular §§11.07, 11.071

     and 11.072. See also *Anthony v. Owens*, et al, No-14-07-01077-CV, Tex.

     App, July 7, 2009; *Ex. Parte Johnson II* 541 S.W.3d 827 (Tex. Crim. App.

     2017) *Ex. Parte Johnny Leri* Cole, No WR-4-094-09, Tex. Crim. App,

     February 25, 2015 ¶¶ 21-27

**PETITION FOR WRIT OF HABEAS CORPUS Page 48**

d.   There is no procedural default that Petitioner is aware of, especially because there is no appeal or state habeas corpus procedure for MRIS denials under §508.106.

e.   Petitioner's detention is based upon actions that unreasonably apply the standards under federal law of Treviño's liberty interest, which standards require that states follow their own procedures with respect to care of prisoners. The detention is based upon an unreasonable determination by TDCJ in light of the evidence presented as applied to its own standards for MRIS under Tex. Gov. Code §508.156 and Chapter 62, Tex. Code Crim. Proc.

f.   Relief may be granted based upon the unreasonable determination of the facts by TDCJ in light of the evidence presented in this Petition that Treviño is qualified for MRIS and also meets the standards that require MRIS. ¶¶ 63-66.

g.   There is proof of prejudice to Petitioner because Petitioner is being harmed because he is being denied relief to receive MRIS at the facilities of the VA. The documentary evidence supports the claim that his health is rapidly deteriorating and that he has the opportunity to get care at the VA under his rights as a disabled veteran. ¶¶50-66, 79-85, Gloria Treviño Affidavit, Exhibit 6 to Exhibit H and exhibit 4 to Exhibit H,

## XV.  RELIEF REQUESTED

89.     Petitioner asserts that he is qualified for MRIS under §508.146 of the Texas Government Code and the TDCJ Policy Manual A-08.6, that he is being detained by the Texas Department of Criminal Justice in violation of his right to release under MRIS and that this court should grant Petitioner's Petition for Writ of Habeas Corpus.  At a bare minimum there needs to be a judicial determination that the documents and evidence showing Treviño's physical and mental disabilities and the existence of brain damage and other factors which qualify Treviño for MRIS, including those elements for which MRIS is mandatory, ¶¶ 63-68, that the United States Department of Veterans Affairs can be a place where Treviño can be under MRIS. Exhibit 4 to Exhibit H.

## DECLARATIONS OF GLORIA TREVIÑO AND JOHN E. RICHARDS
## UNDER PENALTY OF PERJURY

If you are incarcerated, on what date did you place this petition in the prison mail system: Not Applicable.

I declare under penalty of perjury that I, Gloria Treviño am the sister and next friend of petitioner and am acting under the power of attorney that he has given me and is attached as Exhibit 7 to Exhibit H. I have read this petition and the information in this petition which is drawn from my Affidavit being attached as an Exhibit 6 to Exhibit H is true and correct and based upon my observation, except when identified as being under information and belief or is based on documents or quotes from a documents that are attached as exhibits to this Petition. In addition, there are statements in my affidavit that convey my opinion on the treatment that my brother Robert has received by TDCJ and UTMB. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _Aug. 18, 2019_

_Gloria Treviño_

Gloria Treviño as Authorized Agent for
Robert Rodriguez Treviño

I declare under penalty of perjury that I, John E. Richards, Texas Bar No.16848900, am the attorney of petitioner. I have read this petition and that information in this petition which is drawn from my Affidavit being attached as an exhibit 8 to Exhibit H is true and correct, except when identified as being under information and belief or is based on documents or quotes from a documents that are attached as exhibits to this Petition. The section that my affidavit relates to in this Petition are found in ¶ 66 of this Petition   In addition, those portions of the Petition which relate to the submission of the Request for MRIS to the TDCJ Division of Reentry and Integration and on the various requests for Open Records made to TDCJ and its various divisions and to UTMB found in are found in ¶¶ 28-48 of this Petition and describe the actions I took with respect to obtaining records from TDCJ and UTMB. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  8-18-19

_John E. Richards_

John E. Richards, Attorney for
Robert Rodriguez Treviño

**PETITION FOR WRIT OF HABEAS CORPUS Page 51**

Respectfully Submitted

/s/ John E. Richards

_____

John E. Richards
State Bar No. 16848900
RICHARDS AND VALDEZ
4006 Castleman Ave.
St. Louis, MO 63110
214-455-4690 (direct dial)
866-823-2719 (facsimile)
John.Richards@richardsvaldez.com
ATTORNEYS FOR PETITIONER
Robert Rodriguez Treviño

**PETITION FOR WRIT OF HABEAS CORPUS Page 52**